# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# LITTLE ROCK DIVISION

**DAVID WAYNE SHOCK**  PLAINTIFF

v.  No. 4:18-CV-00032-JM-JTR

**NANCY A. BERRYHILL,**
**Deputy Commissioner for Operations,**
**performing the duties and functions**
**not reserved to the Commissioner**
**of Social Security Administration**  DEFENDANT

## RECOMMENDED DISPOSITION

**I.  Procedures for Filing Objections:**

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge James Moody. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

**II.  Introduction:**

David Shock ("Shock") applied for social security disability benefits with an amended alleged disability onset date of July 13, 2013. (R. at 55–56). After a hearing, the administrative law judge ("ALJ") denied his application. (R. at 24). The Appeals Council denied review. (R. at 1). Shock has requested judicial review.

For the reasons stated below, the Court recommends reversing and remanding the Commissioner's decision.

## III. **The Commissioner's Decision**:

The ALJ found that Shock had the severe impairments of degenerative disk disease; fracture of lower extremity; left eye blindness; borderline intellectual functioning; affective disorder; and obesity. (R. at 14). The ALJ then found that Shock's impairments left him with the residual functional capacity ("RFC") to lift and/or carry twenty pounds occasionally and ten pounds frequently; push and/or pull within those limitations; stand and/or walk six hours in an eight-hour workday with normal breaks; sit six hours a day in an eight-hour workday with normal breaks; occasionally use depth perception and peripheral vision; perform jobs that do not require complex written communication or math skills beyond grade school level; perform jobs that can be performed while using a handheld assistive device for prolonged ambulation; work where interpersonal contact is incidental to the work performed and where the complexity of tasks is learned and performed by rote with few variables and little judgment; and work with supervision that is simple, direct, and concrete. (R. at 17).

A vocational expert ("VE") testified that Shock's RFC would preclude his past relevant work. (R. at 22). The VE testified, however, that the RFC would allow for jobs such as price marker, routing clerk, and power screw driver operator. (R. at

23). Relying on the VE's testimony, the ALJ concluded that Shock was not disabled. (R. at 23–24).

IV. **Discussion**:

Shock argues that the ALJ failed to fully and fairly develop the record, failed to consider evidence that detracted from his findings, erred in his credibility analysis, erred in weighing the treating physician's opinion, failed to include all of Shock's limitations in the RFC, and failed to satisfy his burden at step five of the sequential evaluative process.

After carefully reviewing the record, the Court concludes that the record was not fully and fairly developed by the ALJ.[1] Specifically, in his decision, the ALJ gave little weight to the opinion of Shock's treating physicians and supported his RFC determination based on the opinions of non-examining State Agency reviewing physicians' opinions.

The ALJ must fully and fairly develop the record independent of the claimant's burden to press his or her case. *Combs v. Berryhill*, 878 F.3d 642, 646 (8th Cir. 2017). "This duty includes the responsibility of ensuring that the record includes evidence from a treating physician, or at least an examining physician, addressing the particular impairments at issue." *Strongson v. Barnhart*, 361 F.3d 1066, 1071–72 (8th Cir. 2004). However, the ALJ need only seek additional

---

[1] Accordingly, the Court need not address Shock's other grounds for reversal.

3

evidence where a critical issue is under-developed. *Martise v. Astrue*, 641 F.3d 909, 926-27 (8th Cir. 2011).

The ALJ gave little weight to the opinion of William Scott, M.D., Shock's treating physician. (R. at 22). According to Dr. Scott, Shock was capable of low stress jobs; could sit for ten minutes at a time; stand for twenty minutes at a time; sit for less than two hours total in an eight-hour day; stand/walk for less than two hours total in an eight-hour day; must walk for ten minutes every ten minutes; required an at-will sitting/standing option, would need to take unscheduled breaks every fifteen minutes for ten minutes each; must use a cane when standing/walking; could rarely lift less than ten pounds and never more; could occasionally look down; rarely turn his head left or right; rarely look up; occasionally hold his head in a static position; rarely twist, stoop, crouch/squat, or balance; never climb ladders or stairs, kneel, or crawl, and would miss more than four days of work per month due to his impairments. (R. at 590–93). The ALJ stated that Dr. Scott's opinion relied heavily on Shock's subjective statements and was not supported by the rest of the evidence, including Dr. Scott's treatment records. (R. at 22). The ALJ did not identify any specific inconsistencies between Dr. Scott's treatment records and his opinion. After independently reviewing Dr. Scott's treatment records, the Court is unable to identify how Dr. Scott's treatment records fail to support his opinion of Shock's

limitations. The ALJ then relied on the opinions of non-examining State Agency reviewing physicians to support his RFC determination. (R. at 21–22).

These were the only opinions from medical sources concerning Shock's physical ability to work. The ALJ concluded that Shock was not as limited as he alleged due to the inferences *he* drew from the notations and treatment notes of Shock's physicians. (R. at 18–20). The Eighth Circuit held that an ALJ is not free to draw his own inferences from medical treatment records and must seek additional information when a relevant medical issue is underdeveloped. *Combs v. Berryhill*, 878 F.3d 642, 646–47 (8th Cir. 2017). The ALJ relied upon findings in a single physical examination performed by Reza Shahim, M.D. such as intact pulses in both upper and lower extremities, 5/5 motor strength, a lack of edema, and symmetrical reflexes to support his findings that Shock's musculoskeletal pain is not disabling. (R. at 18–19, 604). There is no indication as to how those findings indicate Shock has the ability to work consistently throughout the day in a competitive work environment. (R. at 604–05).

Finally, it is also concerning that the ALJ stated in his decision that Shock read the Bible, which is inconsistent with Shock's testimony and other evidence. Rather, Shock testified as follows:

    Q  What about your right eye?

    A  I wear glasses. You know, I got, I go over to Dollar Tree and I get the 250's and I use them to read with, well I try to read with. It got to be a pretend game but—

    Q  What kind of things do you try to read?

    A  My Bible. That's the only thing, that or like Harbor Freight, I don't read, I just look at the things in there.

(R. at 69). When taken in context with Shock's additional testimony that he has only an eighth-grade education, during which he was in special education classes, and that he has difficulty comprehending and understanding written instructions and cannot do simple math, the Court can only understand his testimony to mean that he makes an unsuccessful attempt to read. (R. at 55). In a Function Report – Adult, Shock reported that he could not finish what he starts but that he read the Bible. (R. at 317). However, Shock did not personally complete the form, and his testimony indicates that his reading ability is more limited than the ALJ characterized it.

## V. <u>Recommended Disposition</u>:

After reviewing the entire record, including the briefs, the ALJ's decision, and the transcript of the hearing, the Court concludes that the record as a whole does not contain sufficient evidence that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ regarding Shock's RFC, which the ALJ relied on to conclude that Sock was not disabled. *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

6

IT IS THEREFORE RECOMMENDED that the Commissioner's decision be REVERSED and REMANDED with instructions to develop the record as necessary by recontacting Shock's treating physicians or ordering consultative examinations.

DATED this 12th day of October, 2018.

_____
UNITED STATES MAGISTRATE JUDGE